

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| JOHN G. WESTINE,<br><br>    Petitioner,<br><br>    v.<br><br>JOSEPH NORWOOD, Warden, et al,<br><br>    Respondents. | Case No. CV 06-6326-SVW (JWJ)<br><br>**MEMORANDUM AND ORDER** |

## I. SUMMARY OF PROCEEDINGS

On August 8, 2007, petitioner John G. Westine, Jr., a federal prisoner proceeding pro se, filed a "Second Amended Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241)" (hereinafter "Second Amended Petition" or "SAP").[1] On October 19, 2007, this Court construed petitioner's Second Amended Petition as a motion pursuant to 28 U.S.C. § 2255, and transferred the action to the United States District Court

---

[1] Petitioner initially filed a Petition for Writ of Habeas Corpus Pursuant to § 2241 on October 4, 2006. On November 16, 2006, this Court dismissed the petition with leave to amend because the petition was not on the proper form and failed to provide all necessary information. (11/16/06 Order, p. 2.) On July 30, 2007, petitioner filed a First Amended Petition for Writ of Habeas Corpus.

for the Southern District of Ohio. (10/19/07 Order, p. 6.) On November 26, 2007, petitioner submitted two documents titled "Petitioner's Request for a Court Order Said Transfer is Pursuant to Fedeal [sic] Rule Civil Procedure 15(c)(2) 'Relation Back Theory'" and "Federal Rule Civil Procedure 60(b)(4)(6) to Vacate Void Transfer Order." This Court will construe petitioner's submission of both documents as a Motion for Reconsideration of the Court's decision to transfer the case. Petitioner contends that this Court should void the Transfer Order and reinstate the Petition in this Court as a properly filed Writ of Habeas Corpus Section 2255 "Escape Hatch"[2] based on the following: petitioner's "claims of 'actual and factual innocence' are barred from certification under § 2244, to allow a second or successive petition." (Motion for Reconsideration, p. 1.)[3]

## II. DISCUSSION

Petitioner contends that the transfer order issued by this Court on October 19, 2006 is void because he is barred from filing a second or successive petition § 2255 motion in the Court where the petition was transferred.

---

[2] The "escape hatch" referred to by petitioner permits a federal prisoner to "file a habeas petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Stephens v. Herrera, 464 F.3d 895 (9th Cir. 2006). It does not allow the Court to consider a § 2255 motion without authorization from the Court of Appeals. Thus, this Court will construe petitioner's request as a motion to reinstate the §2241 Petition under the savings clause rather than to transfer back the petition as a §2255 motion.

[3] This Court will refer to petitioner's second document, titled "Fedeal [sic] Rule Civil Procedure 60(b)(4)(6) to Vacate Void Transfer Order," as the Motion for Reconsideration. Petitioner's first document, titled "Petitioner's Request for a Court Order Said Transfer is Pursuant to Federal Rule Civil Procedure 15(c)(2) 'Relation Back Theory'" only requests a transfer without providing any further substantive information.

(Motion for Reconsideration, p. 1.)

Federal Rule of Civil Procedure 60(b)(4) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding . . . [if] . . . the judgment is void. " Here, petitioner claims that the order construing his petition as a § 2255 motion and transferring the action to the sentencing court is void because his petition will constitute a second or successive § 2255 motion. However, the Court's decision to construe petitioner's § 2241 petition as a § 2255 motion, and to transfer the case to the sentencing court was not only within the Court's discretion, but also required by law.

Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court. See Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). Here, petitioner challenged his sentence on various grounds. Specifically, petitioner presented the following claims in his petition: (1) petitioner was charged with a non-existent crime (money laundering); (2) petitioner was denied the statutory right to a direct appeal of his illegal sentence; (3) petitioner was denied retained counsel of choice because his funds were frozen; and (4) petitioner was denied due process afforded to other petitioners by the Sixth Circuit. (Second Amended Petition, pp. 3, 3a.)[4]

Under the savings clause of § 2255, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is "inadequate or ineffective to test the legality of his

---

[4] Petitioner included an additional page between pages 3 and 4 of the Petition. For clarity, this Court will refer to the additional page as "3a."

detention." 28 U.S.C. § 2255; see Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999). An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction because the proper district for filing a habeas petition depends upon whether the petition is filed pursuant to § 2241 or § 2255. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Where a petitioner claims that § 2255 provides an ineffective remedy, the district court in which the petition is brought is required initially to rule whether a § 2241 remedy is available under the savings clause. Id. at 866.

Here, the Court correctly found that petitioner is challenging the validity of his sentence. Thus, petitioner's claims must be addressed in a motion under § 2255 unless he can show that the remedy under § 2255 is "inadequate or ineffective" and therefore, the savings clause would apply in his case. Although the Ninth Circuit has not fully defined when the remedy under § 2255 is "inadequate or ineffective," the exception is very narrow. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003).

The Court also found that petitioner failed to show that his remedy under § 2255 is "inadequate or ineffective." Indeed, in both the Second Amended Petition and his Motion for Reconsideration, petitioner argues that his remedy is inadequate because all his other "attempts" have been converted into a second or successive § 2255 motion (SAP, p. 4), and that his claims are "barred" as a second or successive petition. (Motion for Reconsideration, p. 1.) As discussed in the transfer order, **AEDPA's filing limitations on § 2255 motions do not render § 2255 inadequate or ineffective.** See Moore, 185 F.3d at 1055; Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).

Accordingly, the Court finds that the transfer order issued by this Court on October 19, 2007 is valid, and thus, petitioner's Motion for Reconsideration must be denied.

## ORDER

For all the foregoing reasons,

**IT IS HEREBY ORDERED AS FOLLOWS**:

Petitioner's "Request for a Court Order Said Transfer is Pursuant to Fedeal [sic] Rule Civil Procedure 15(c)(2) 'Relation Back Theory'" and "Federal Rule Civil Procedure 60(b)(4)(6) to Vacate Void Transfer Order" are **DENIED**.

DATED: 8/13/08

*[signature]*
STEPHEN V. WILSON
United States District Judge

Presented by:

DATED: February 12, 2008

*[signature]*
JEFFREY W. JOHNSON
United States Magistrate Judge